United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| | § |
| vs | § Cause No. 4:11-cv-348 |
| | § |
| Advantage Assets II, Inc., et al | § |

# Joint Conference Report

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendant, Advantage Assets II, Inc. (referred to hereafter as "Advantage"), Leonard Pruzanksy, and Timothy Feldman and the Plaintiff, David E. Mack file this Joint Conference Report as follows:

1. **Factual and Legal Description of the Case**

   a. Plaintiff's Position - It is the plaintiff's position that the cause of action brought before the court is well pleaded showing clear violation of 15 U.S.C. Section 1692e(2)(a) by the defendants by producing and causing to be sent to plaintiff, as an attempt to collect a debt, an "affidavit of account" which blatantly misrepresented the legal status of an alleged debt by referring to the plaintiff as a "defendant." There was no legal action taken against plaintiff and by using the "defendant" terminology not less than 8 times in the attempt to collect an alleged debt misrepresented the legal status of the alleged debt in violation of 15 U.S.C. Section 1692e(2)(a). The debt is alleged to be owed to Advantage with Mr. Pruzansky's signature on the document. Mr. Feldman, as President of Advantage knew, or should have known, that to send the document to the plaintiff was a clear violation of 15 U.S.C. Section 1692e(2)(a) when providing said document to Michael J. Scott, P.C. as their agent. Under the doctrine of respondeat superior Mr. Feldman is liable as he was in oversight of the operations of Advantage and their agents in all matters and

should have made all efforts to see that Advantage complied with 15 U.S.C. Section 1692 et seq yet failed to do so.

  b. Defendants Position - It is the Defendants' position that the factual basis for the Plaintiff's complaint is incorrect, that the alleged misrepresentations are not material, and that this suit is filed in violation of 15 U.S.C. § 1692k(a)(3).  It is the position of the Defendants, Jessica Eckstein, Leonard Pruzanksy and Timothy Feldman that, even in the event that the Plaintiff's assertions as to the facts of this matter are correct (which is denied) that there is no basis on which to base any theory of liability against these two individuals and that the causes of action asserted against them are groundless and brought in bad faith and/or groundless and brought for the purpose of harassment.

2. The Rule 26(f) conference was held on August 24, 2011.  In attendance were the Plaintiff and Ed Walton.  The Plaintiff represented himself.  Ed Walton represented the Defendants, Advantage, Leonard Pruzanksy, and Timothy Feldman.

3. **<u>Related Cases</u>** - Cause No. 4:11-cv-00348-DDB styled David E. Mack vs Michael J. Scott, P.C., *et al.*  No defendant has yet been served in this action.

4. Discovery/Case Management Plan

  a. **<u>Initial Disclosures</u>** - Initial disclosures shall be made on or before September 7, 2011.

  b. **<u>Joinder of Parties</u>** - The parties agree that no additional parties shall be joined.

  c. **<u>Amended Pleadings</u>**

   The Plaintiff states that there will be no more amended pleadings filed by the Plaintiff.

   The Defendant suggests that they shall have until October 24, 2011 to amend pleadings.

d. **Filing Motions to Transfer, to Remand, to Dismiss, For Summary Judgment, or Other Dispositive Motions**

   Plaintiff's Position - November 23, 2011

   Defendant's Position - February 23, 2011

e. **Disclosure of Expert Testimony** - The parties agree that the Plaintiff shall designate experts on or before October 24, 2011 and the Defendants shall designate experts on or before December 23, 2011.

f. **Pretrial Disclosures** - The parties agree that the Plaintiff shall file his pretrial disclosures pursuant to Rule 26(a)93) forty-five (45) days prior to trial and the Defendants shall file their disclosures thirty (30) days prior to trial.

g. **Discovery Deadline** - The parties agree that all fact discovery shall be commenced in time to be completed by the Plaintiff on or before November 23, 2011 and by the Defendant on or before December 23, 2011.

h. **Mediation** - The parties agree that this case shall be mediated on or before December 23, 2011.  The Plaintiff has no suggestion as to the identify of a mediator.  The Defendants suggest Stephen Hunnicutt, 12720 Hillcrest, Suite 1050, Dallas, Texas 75230 as a mediator.

i. **Joint Pre-trial Order** - The parties agree that the Joint Pre-trial Order shall be filed fifteen (15) days prior to trial.

j. **Motions in Limne** - The parties agree that motions in limne shall be filed fifteen (15) days prior to trial.

k. **Final Pre-trial Conference** - The Plaintiff suggests January 3, 2012 for the pre-trial conference.  The Defendants suggest June 4, 2012.

Respectfully Submitted,

Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)

/s/Ed Walton
Ed Walton
SBN:  20828550

David E. Mack, pro se
7720 McCallum Blvd. #2099
Dallas, Texas 75252

/s/David E. Mack
David E. Mack