FILED-CLERK
U.S. DISTRICT COURT

2011 SEP -9  PM 3: 53

TEXAS-EASTERN

BY_____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| David E Mack | § | |
| Plaintiff | § | |
| | § | |
| | § | Case No. 4:11CV348 |
| vs | § | (consolidated with 4:11cv349) |
| | § | |
| MICHAEL J. SCOTT, P.C., et al. | § | |
| Defendants | § | |
| | § | |
| | § | |
| | § | |

**AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA**

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

**PARTIES**

2. The Plaintiff in this lawsuit is David E Mack, a natural person, who resides in

   Collin County, Texas.

3. The Defendants in this lawsuit are as follows:

   a. ADVANTAGE ASSETS II, INC. (hereinafter ADVANTAGE) is a junk

      debt buyer and debt collection corporation with offices in Houston, Texas.

   b. MICHAEL J. SCOTT P.C. (hereinafter MJSPC) is a Law Firm located in

      Carrollton, Texas whose primary business is debt collection and litigation.

   c.   Michael J. Scott SBN: 24000876 is an attorney and principal of MJSPC

   d.   Jessica Eckstein SBN: 24043624 is an attorney employed by MJSPC.

   e.   Leonard Pruzansky is CEO/CHAIRMAN of ADVANTAGE ASSETS II, INC.

   f.   Timothy Feldman is President of ADVANTAGE ASSETS II, INC.

## VENUE

4. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County.

5. Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

6. Defendant MJSPC sent a collection notice to Plaintiff in or about August of 2009 on behalf of ADVANTAGE for a debt alleged to be owed to ADVANTAGE, account #6035320262994229.

7. Plaintiff sent a dispute and cease and desist from collection demand for validation of the alleged debt to MJSPC in a letter dated September 14, 2009 sent registered mail # RE360602859US which was received by MJSPC on September 21, 2009 signed for by B. Shelly.

8. Plaintiff also sent the same dispute dated September 14, 2009 directly to ADVANTAGE by registered mail #RE360602831US which was received and signed for on September 23, 2009 on USPS Form 3811.

9. Plaintiff did not receive any response for over a year to either demand to
   validate the alleged debt sent to MJSPC AND ADVANTAGE.

10. On December 24, 2010, *15 months after making demand for validation
    of the alleged debt to ADVANTAGE and MJSPC*, Plaintiff received a letter
    from MJSPC dated December 20, 2010 with what appeared to be a **"robo-
    signed"** document with the title "AFFIDAVIT OF ACCOUNT" enclosed.

11. The document entitled "AFFIDAVIT OF ACCOUNT" appeared to be
    produced by ADVANTAGE and was signed by Leonard Pruzansky, a
    principal of ADVANTAGE, and made some vague statements as to the source
    and amount of the debt alleged to be owed to ADVANTAGE with no other
    supporting documentation of any type.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA) 15 U.S.C. § 1692 et seq. BY DEFENDANTS ADVANTAGE,
MJSPC,  Michael J. Scott, Jessica Eckstein, Leonard Pruzansky and
Timothy Feldman**

12. Paragraphs 1 through 11 are realleged as though fully set forth herein.

13. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

14. ADVANTAGE, MJSPC, Michael J. Scott, Jessica Eckstein, Leonard
    Pruzansky and Timothy Feldman are debt collectors within the meaning of the
    FDCPA § 1692a(6).

15. Plaintiff, as a consumer, received a letter on December 24, 2010 from MJSPC dated December 20, 2010 stating they had done an investigation and "were resuming collection activity" on the debt alleged to be owed to ADVANTAGE by Plaintiff and enclosed was the aforementioned "AFFIDAVIT OF ACCOUNT".

16. The letter received by Plaintiff from MJSPC stated in part *"PLEASE BE ADVISED THAT THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE"* and was signed "Michael J. Scott/Jessica Eckstein".

17. In the "AFFIDAVIT OF ACCOUNT" document that was enclosed with the collection letter it was stated, in part in paragraph 2, *"issued by Citibank (South Dakota) N.A. to **David Mack (hereinafter, the "Defendant(s)")**.*

18. The terminology "Defendant(s)" was used not less than 8 separate times in the "AFFIDAVIT OF ACCOUNT" document rather than the word "debtor" which would normally be used to describe a person who allegedly owes a debt.

19. At the time of receipt of the collection letter and the attached "AFFIDAVIT OF ACCOUNT" which referred to David Mack as a **DEFENDANT**, to the best of Plaintiff's knowledge and belief there was no litigation in progress where the Plaintiff was a **DEFENDANT** in any action by any party.

20. Defendants, as debt collectors, violated U.S.C. Title 15 § 1692e(2)(A) by
    sending a collection notice to Plaintiff with documents referring to the
    Plaintiff as a **DEFENDANT** which he was not at that time or any time
    thereafter to Plaintiff's knowledge.

21. There was no statement in the debt collection letter that accompanied the
    "AFFIDAVIT OF ACCOUNT" that indicated that any kind of evidence or
    attempt at validation was enclosed with the letter as previously requested
    which is a violation of 15 U.S.C. § 1692g(b) by continuing collection.

22. It is obvious that the enclosed "AFFIDAVIT OF ACCOUNT" repeatedly
    using the misleading statement referring to the Plaintiff as a "DEFENDANT"
    was meant to create the impression that there was legal action pending against
    him regarding the debt alleged by the Defendants in an effort to coerce
    settlement by the Plaintiff.

23. The use of the word "DEFENDANT" not less than 8 times in the
    "AFFIDAVIT OF ACCOUNT" would lead any reasonable person and most
    certainly the least sophisticated consumer to mistakenly believe that he/she
    was the subject of litigation at the time of receipt of that document.

24. The Plaintiff was damaged and suffered substantial emotional distress
    through the Christmas holidays of 2010 and beyond after receiving said
    communications from the Defendants on December 24, 2010 not knowing that

legal action had not, in fact, been initiated against the Plaintiff regarding the alleged debt.

25. Defendant's actions in sending this blatantly false information that misrepresented the true nature of the legal status of the alleged debt had a material effect on the Plaintiff by causing him to believe he was being sued and causing him great emotional distress and harm as a result of Defendants' violation of U.S.C. Title 15 § 1692e(2)(A) .

26. The actions of the Defendants caused the Plaintiff substantial distress and emotional harm during a holiday period known to be a time of happiness, joy and celebration for no other reason than attempted fraudulent financial gain by the Defendants.

27. Defendant's unconscionable actions of sending a threatening collection letter to Plaintiff on December 20, 2010 and referring to him as a **DEFENDANT** when he was not, blatantly misrepresented the legal status of the alleged debt in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A), and caused great emotional distress and harm to the Plaintiff.

28. Defendants' claim in the "AFFIDAVIT OF ACCOUNT" sent to Plaintiff that there is an amount due Advantage on the alleged debt of $4302.89 as of the signing date of the affidavit on April 14, 2010 is an unfair practice in

attempting to collect an amount not authorized by the agreement in violation of 15 U.S.C. § 1692F(1).

29. Defendants violated 15 U.S.C. § 1692e(10) by using a false and deceptive means to attempt to collect a debt by referring to the Plaintiff as a **DEFENDANT** in their communications sent to plaintiff.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant for statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692 et seq. actual damages of $5,000 for emotional distress and suffering, punitive damages, as well as attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 8, 2011

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642