FILED-CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

2011 SEP -9  PM 3: 52

TEXAS-EASTERN

BY_____

| | | |
|---|---|---|
| **David E Mack** | § | |
| **Plaintiff** | § | |
| | § | **Case No. 4:11CV348** |
| vs | § | **(consolidated with 4:11cv349)** |
| | § | |
| | § | |
| **Advantage Assets II, Inc. et al** | § | |
| **Defendants** | § | |

# MOTION TO DISMISS COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, David E Mack, files this motion to dismiss the counterclaim brought forth by Defendants Advantage Assets II, Inc. (hereinafter "Advantage"), Leonard Pruzansky, and Timothy Feldman and would show:

## I. STATEMENT OF FACTS

1. The Plaintiff has brought an action for damages based on his receipt of false and misleading documents that were produced by Defendants and provided to Michael J. Scott P.C. who was acting as the agent of Defendants in collection of an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692e(2)(A).

2. The Defendants bring forth a counterclaim and assert that representations made by Plaintiff are not material and that this action was brought in bad faith and for the purpose of harassment by the Plaintiff in violation of 15 U.S.C. § 1692k(a)3.

## II. STANDARD

3. Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief,) in order to "give

the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. ARGUMENT

4. **THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.** The FDCPA, 15 U.S.C. § 1692 et seq., is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997); *see also Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 f. 3d 30, 33-34 (2d Cir. 1996).

5. **THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.** The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson V. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

6. **THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.** The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) quoting *Goswami v. Am. Collections Inter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, DeLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). A court must "assume that the plaintiff-debtor is neither shrewd nor

experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d at 495. "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncrataic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, DeLaunay & Durand*, 103 F.3d at 1236.

7. **THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS AND CONDUCT SUCH AS FALSE, DECEPTIVE OR MISLEADING STATEMENTS IN CONNECTION WITH THE COLLECTION OF A DEBT.** The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.

8. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

9. The Plaintiff received documentation produced and provided by Defendants as part of a debt collection attempt by Michael J. Scott P.C. acting on behalf of the Defendants that blatantly misrepresented the legal status of the alleged debt and caused great emotional distress and anxiety to the plaintiff as a result in violation of 15 U.S.C. § 1692e(2)(A).

## IV. CONCLUSION

10. The plaintiff, as a consumer, has brought a claim with sufficient pleadings and particularity to show that there is a cognizable cause of action as a result of the Defendants' actions under 15 U.S.C. § 1692 et seq.

11. The Plaintiff falls into the category of "least sophisticated consumer" under the FDCPA as stated in ¶6 "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices....." where the receipt of a document with false and misleading wording would most certainly be material as represented by the Plaintiff.

12. As a result of the actions of the Defendants utilizing misleading and false statements in an attempt to collect a debt, the counterclaim brought by the Defendants of bad faith and harassment is shown on its face to be without merit, spurious, and should be dismissed.

WHEREFORE, the Plaintiff respectfully requests that the Defendants' Counterclaim be dismissed and the Plaintiff's claim move forward to trial on the merits.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the document above was sent to counsel of record listed below for Defendants who have answered this Complaint and was sent by first class mail USPS.

Barron, Newburger & Sinsley PLLC
101 Metro Drive Suite A
Terrell, Texas 75160

Dated September 8, 2011

_____
David E Mack