United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| vs | § Cause No. 4:11-cv-348 |
| | § |
| Advantage Assets II, Inc., *et al* | § |

# Answer to Amended Complaint

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendants, Advantage Assets II, Inc. (referred to hereafter, collectively, as "Advantage"), Leonard Pruzanksy, and Timothy Feldman, file this Answer to Amended Complaint and in support thereof would show as follows:

1. In response to Paragraph 1 of the Amended Complaint, the Defendants state that they do not contest jurisdiction at this time.

2. The Defendants admit the allegations in Paragraph 2 of the Amended Complaint.[1]

3. In response to Paragraph 3(a) of the Amended Complaint, the Advantage states that it has offices in Houston.  Otherwise, Paragraph 3(a) is denied.

---

[1] The Defendants admit that the Plaintiff is a "natural person" as that term is normally used.  Correspondence received from the Plaintiff indicates that he is a member or follower of some organization or group loosely referred to as "money protesters" or "the Republic of Texas" which uses bizarre definitions and usages.  For that reason, the Defendants wish to make it clear that they do not acknowledge any form of agreement with what the Plaintiff may consider a "natural person."

Paragraph 3(b) of the Amended Complaint does not relate to these Defendants and no response is therefore required.

Paragraph 3(c) of the Amended Complaint does not relate to these Defendants and no response is therefore required.

Paragraph (d) of the Amended Complaint does not relate to these Defendants and no response is therefore required.

The Defendants admit the allegations set forth in Paragraph 3(e) of the Amended Complaint.

The Defendants admit the allegations set forth in Paragraph 3(f) of the Amended Complaint.

4.  In response to Paragraph 4 of the Amended Complaint, the Defendants state that they admit that the Plaintiff lives in Collin County, Texas. Otherwise, Paragraph 4 is denied.

5.  In response to Paragraph 5 of the Amended Complaint, the Defendants state that they do not contest venue.

6.  Paragraph 6 of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

7.  Paragraph 7of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

8.  In response to Paragraph 8 of the Amended Complaint, the Defendants

state that they admit that Advantage received a letter from the Plaintiff dated September 14, 2009. However, the Defendants deny the Plaintiff's characterization of the referenced letter as the letter in question was nothing but a meaningless anarchist diatribe with no legal or factual significance.

9.  In response to Paragraph 9 of the Amended Complaint, the Defendants state that they deny ever having received any document from that Plaintiff which could be interpreted as a proper dispute

10.  Paragraph 10 of the Amended Complaint does not relate to these Defendants and no response is therefore required. However, these Defendants deny any and all wrongdoing.

11.  The Defendants can neither admit or deny the allegations in Paragraph 11 of the Amended Complaint for the reason that they can not ascertain what document the Plaintiff refers to. However, these Defendants deny any and all wrongdoing.

12.  In response to Paragraph 12 of the Amended Complaint, the Defendants incorporate herein, the same as if fully copied and set forth at length, their response(s) to the referenced paragraph(s).

13.  The Defendants can neither admit or deny the allegations in Paragraph 13 of the Amended Complaint for the reason that they are unaware of the purpose(s) for which the indebtedness in question was incurred.

14.  To the limited extent that Paragraph 14 of the Amended Complaint relates to these Defendants, it is denied.

15. Paragraph 15 of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

16. Paragraph 16 of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

17. Paragraph 17 of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

18. Paragraph 18 of the Amended Complaint does not relate to these Defendants and no response is therefore required.  However, these Defendants deny any and all wrongdoing.

19. Paragraph 19 of the Amended Complaint does not relate to these Defendants and no response is therefore required.

20. The Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21. The Defendants can neither admit or deny the allegations in Paragraph 21 of the Amended Complaint for the reason that the Defendants are unaware of what the Plaintiff is referring to as "evidence" or "validation."  However, these Defendants deny any and all wrongdoing.

22. The Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23. The Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24. The Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25. The Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26. The Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27. The Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28. The Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29. The Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

## Affirmative Defenses and Counterclaim

30. The representations alleged by the Plaintiff are not material.

31. The Defendants assert the defense of limitations.

32. The Defendants assert that this action was brought in bad faith and for the purpose of harassment in violation of 15 U.S.C. § 1692k(a)(3).

33. The Defendant denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

34. The Defendants deny that the Plaintiff has sustained or is entitled to recover actual damages.  An award of statutory damages in the absence of actual damages would be a denial of Defendants' right to due process under the Constitution of the United States of America.  *See Johnson vs Eaton*, 80 F.3d 148 (5th Cir. 1996)*; State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

WHEREFORE, the Defendant respectfully requests that the Plaintiff take nothing by this suit, that the Defendants be allowed to recover their attorney's fees and costs, and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Respectfully Submitted,

Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)


/s/Ed Walton
Ed Walton
SBN:  20828550

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Signed September 15, 2011.

/s/Ed Walton
Ed Walton